UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| O.BERK COMPANY, LLC, | Civil Action No. 11-3979 (SRC) |
| Plaintiff, | |
| | **ORDER TO SHOW CAUSE** |
| v. | |
| CHRISTOPHER LAZO et al., | |
| Defendants. | |

**CHESLER**, District Judge

**IT APPEARING** that Defendants Christopher Lazo and A.L.A. Supply, Inc. (collectively, "Defendants") filed a Notice of Removal and Complaint in this Court on or about July 11, 2011; and it further

**APPEARING** that the Notice of Removal asserts that this Court has federal subject matter jurisdiction over this action by virtue of diversity jurisdiction pursuant to 28 U.S.C. § 1332; and it further

**APPEARING** that for diversity jurisdiction to exist, Plaintiff must be a citizen of a different state than all Defendants and the amount in controversy must exceed $75,000, exclusive of interest and costs;[1] and it further

**APPEARING** that the Notice of Removal asserts that Plaintiff, O.Berk Company, LLC, is a limited liability company with a principal place of business in the State of New Jersey; and it further

---

[1] 28 U.S.C. § 1332(a).

**APPEARING** that the Notice of Removal does not provide a basis for its assertion that O.Berk Company, LLC is a citizen of the State of New Jersey; and it further

**APPEARING** that the Complaint does not provide a statement regarding the citizenship of every member of the limited liability company; and it further

**APPEARING** that the citizenship of each member of a limited liability company must be considered for diversity purposes;[2] and it further

**APPEARING** that the Complaint and Notice of Removal fail to contain any statement regarding the citizenship of each and every member of the Plaintiff limited liability company; and it further

**APPEARING** that the lack of information regarding the citizenship of Plaintiff O.Berk Company, LLC renders the Complaint deficient with regard to the jurisdictional grounds for this case;[3] and it further

**APPEARING** that the lack of information regarding citizenship as to Plaintiff leads this Court to inquire about the jurisdictional grounds for this case, since this Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue sua sponte;[4] and it further

**APPEARING** that, based on the Court's own review of the Complaint, it cannot discern a basis for the existence of federal subject matter jurisdiction; and it further

---

[2] Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of each of its members.")

[3] Fed.R.Civ.P. 8(a).

[4] Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

**APPEARING** that the "party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court;"[5] and it further

**APPEARING** that if it appears that this Court lacks subject matter jurisdiction over this case, it must be remanded to the Superior Court of New Jersey;[6] therefore

**IT IS** on this 18th day of July, 2011, hereby

**ORDERED** that Defendants shall show cause in writing before the undersigned by August 18, 2011 why this action should not be remanded to the Superior Court of New Jersey for lack of federal subject matter jurisdiction.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J

---

[5] Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

[6] 28 U.S.C. § 1447(c).